RICKS VS HALL.

*Touching appeals or writs of error from the Commis-sioners Court.*

1. No appeal or writ of error lies to the Circuit Court, from a decision of the Court of commissioners of revenue and roads, on the establishment of a ferry.

In this case an application was made by the plaintiff in error, to the judge of the County Court of Lowndes county, and the commisioners of revenue and roads, for a license to establish a ferry.—The application was resisted by Hall, but was eventually granted by the order of the Court.

Upon this order the clerk of the County Court issued a a writ of error, returnable to the Circuit Court of Lowndes county, in which Court, the judgment of the Commissioners Court was reversed, and the cause remanded. From this decision, the plaintiff in error brought the case into this Court, and assigned, as cause for reversal—

First—That the Circuit Court had not jurisdiction of the case, in the manner in which the same was presented.

Secondly—That a writ of error did not lie upon a decision of the Commissioners Court, to the Circuit Court.

Thirdly—That there was no error in the decision of the Court, in establishing a ferry.

*Thorington,* for the plaintiff in error.
*Gordon & Goldthwaite,* contra.

HOPKINS, J.—Upon the application of the plaintiff in error, to the Court of the Judge of the County Court of Lowndes county, and the Commissioners of the revenue and roads of that county, a license was granted by the Court to him to establish a public ferry across the Alabama river, near Vernon, in Autauga county.

At the same term, the Court acted upon and rejected the application of the defendant in error, for a license to establish a ferry at the same place.

The evidence on which the Court acted, was made a part of the record of the case by a bill of exceptions, which was taken by Hall, who sued out a writ of error, returnable into the Circuit Court of Lowndes county, by which Court, the judgment which granted a license to Ricks was reversed and the cause remanded.

The judgment of the Circuit Court has been brought for review into this Court by a writ of error, which was sued out by Ricks.

One of the assignments of error, makes it necessary to inquire, whether the Circuit Court had jurisdiction of the case. The jurisdiction which is expressly conferred by the Constitution on the Circuit Courts, is original. Any appellate jurisdiction, exercised by them, must be given by statute, and taken in the mode, which the statute conferring it, prescribes.

The writ of error that was returned into the Circuit Court was issued by the Clerk of the County

Court of Lowndes county.   The Clerk is not autho-
rised, by any statute, to issue such a writ, unless the
judgment alleged to be erroneous, had been rendered
by the County Court, or Orphans' Court of the coun-
ty.  The judgment in this case, was given by neither
of these Courts.  The Court which gave the judg-
ment was organized under a statute,  which enacts,
that any two  of the four commissioners of revenue
and roads,  together with  the Judge of the  County
Court, *shall  constitute a  Court*,  to levy  the County
tax, to lay out and discontinue roads, and to exercise
all the power in relation to roads, bridges, highways,
ferries, and causeways, which before the passage of
the act  belonged to the Orphans'  or County Court.
Should a judge  of a County Court fail to meet the
commissioners on the second day of  a regular term of
a Court,  established by  the act, the commissioners,
or a majority of  them, are authorized to exercise all
the power of  the Court.*

The Court, therefore,  which granted the license in
this case,  is separate  and distinct from the County
or Orphans' Court of Lowndes county.  A  writ of
error, to be issued by  the Clerk, or an appeal,  lies
from any  judgment of  a County or  Orphans' Court,
to  the Circuit Court of the proper  county; but no
legislative provision has been made for a Clerk  to is-
sue one on a  judgment of a Court composed of com-
missioners  of revenue  and roads,  or of them, and
a  Judge of  a County Court.†

We think the Circuit Court erred in taking  juris-
diction of the case.   The writ of  error returned into
that Court, ought to have been dismissed.

Let the  judgment be reversed.